Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50286 | **DATE** | 2/8/2002 |
| **CASE TITLE** | Miller, et al. vs. The Bloomin' Apple, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Bloomin' Apple Freeport's motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant Bloomin' Apple Freeport's motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | FEB 1 1 2002 | |
| ✓ | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 2-11-02 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office  mailing deputy initials | |

U.S. DISTRICT COURT CLERK
02 FEB -8 PM 3:52
FILED-WD

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Serena J. Miller and Stacy R. Whitfield, have filed a single-count first-amended complaint against defendants, The Bloomin' Apple, L.L.C. ("Bloomin' Apple"), d/b/a Applebees Restaurants, and The Bloomin' Apple Freeport, L.L.C. ("Bloomin' Apple Freeport"), d/b/a Applebees Restaurants. Both plaintiffs allege defendants improperly denied them a promotion because of their race (African-American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Jurisdiction and venue are therefore proper under 42 U.S.C. § 2000e-5(f)(3). Before the court is Bloomin' Apple Freeport's motion to dismiss, filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The sole issue raised in the currently pending motion is whether plaintiffs' failure to name Bloomin' Apple Freeport in their EEOC charges bars them from suing that defendant in federal court. As the cases make clear, the requirement of naming a party in an EEOC charge before filing suit against it is *not* jurisdictional, see Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 126 (7th Cir. 1989), so the court will ignore the fact that Bloomin' Apple Freeport has brought this motion alternatively under Rule 12(b)(1). This also means the court is limited to the face of the pleadings in deciding this motion. The problem with this, as discussed below in more detail, is the court cannot possibly rule on Bloomin' Apple Freeport's motion based solely on the pleadings. Indeed, defense counsel yet again raises issues that cannot be decided on a Rule 12(b)(6) motion, as he did in a previous Rule 12(b)(6) motion filed on behalf of Bloomin' Apple, and also fails to cite relevant case law in support of a motion that ultimately has little hope of success on the merits.

"Ordinarily, a party not named in an EEOC charge may not be sued under Title VII." Id. This general rule, however, is subject to one important exception: where "'an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance.'" Id. (quoting Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, 657 F.2d 890, 905 (7th Cir. 1981), cert. denied, 455 U.S. 1017 (1982)). This exception has been clarified to mean the unnamed party must have notice of charges against *it* and have an opportunity to conciliate on its own behalf (in contrast, for example, to a parent company which has notice of charges against one of its subsidiaries and conciliates on the subsidiary's behalf). See Olsen v. Marshall & Isley Corp., 267 F.3d 597, 604 (7th Cir. 2001); Schnellbaecher, 887 F.2d at 127.

The court is rather nonplussed by the fact that none of the parties have even so much as mentioned this entire line of cases throughout their briefs. (To be fair, plaintiffs essentially ask the court to apply the Eggleston exception, though not in so many words and without ever citing that case or its progeny.) More importantly, because the issues of whether Bloomin' Apple Freeport had notice of any charges against it or had an opportunity to conciliate on its own behalf depend on matters outside the pleadings (some of which plaintiffs have attached to their response), the court would need to convert the present motion to dismiss into one for summary judgment, something it is not prepared to do. See Fed. R. Civ. P. 12(b); Harris v. Stallman Trucking Co., 951 F. Supp. 134, 135 (N.D. Ill. 1997) (where Rule 12(b)(6) motion raised Eggleston exception, court converted it into one for summary judgment because it could not be resolved without information outside the complaint and was nonjurisdictional in nature). Besides that, the court notes the difficulty of deciding an issue when the parties have not briefed or argued it based on the relevant case law. The court is therefore denying Bloomin' Apple Freeport's motion to dismiss. Should this defendant wish to raise this issue again, it may do so in an appropriate motion for summary judgment at the close of discovery, along with any other issues it would normally raise in such a motion. Based on the court's preliminary review of the materials before it, though, Bloomin' Apple Freeport should think long and hard about renewing this argument.

It is undisputed Bloomin' Apple was the only party formally named in plaintiffs' EEOC charges and Bloomin' Apple Freeport, as such, was not.[1] But this is not the usual case of a parent company and its subsidiary. Cf. Olsen, 267 F.3d at 604; Schnellbaecher, 887 F.2d at 125. Rather, Bloomin' Apple Freeport is a limited liability company with its *sole* member being none other than Bloomin' Apple. See Harris, 951 F. Supp. at 136 n.4, 137 (applying Eggleston exception in part because same individual was president and one hundred percent owner of both named and unnamed parties). In addition, when asked in an interrogatory which company — Bloomin' Apple or Bloomin' Apple Freeport — defended in plaintiffs' EEOC proceedings, Kevin Allardice (one of the three members of Bloomin' Apple) admitted it was Bloomin' Apple Freeport. Allardice also admitted the EEOC "was advised in both matters that the individuals [Miller and Whitfield] were employed by Bloomin' Apple Freeport." These admissions make clear Bloomin' Apple Freeport was not only aware of plaintiffs' charges against *it*, as opposed to Bloomin' Apple, but it in fact participated in the conciliation proceedings on *its own behalf.* Another fact indicating the Eggleston exception should apply in this case is that, although plaintiffs named Bloomin' Apple in their EEOC charges, they used Bloomin' Apple Freeport's address in Freeport, Illinois. See id. at 136 (applying Eggleston exception where unnamed party's address was used in EEOC charge). Accordingly, were the court squarely to address the issue, it would be inclined to allow plaintiffs to sue Bloomin' Apple Freeport despite not naming it in their EEOC charges and thus deny the motion to dismiss on the merits.

For the reasons stated above, Bloomin' Apple Freeport's motion to dismiss is denied.

---

[1] The court cannot actually verify this because the charges are not attached to plaintiffs' complaint and none of the parties have offered them as evidence. Apart from that, the charges themselves would be helpful in deciding if the Eggleston exception should apply as courts have found an unnamed party amenable to suit if it was "sufficiently alluded to on the face of the EEOC charge." Bright v. Roadway Servs., Inc., 846 F. Supp. 693, 697 (N.D. Ill. 1994) (collecting cases). Without the EEOC charges, the court obviously cannot make this assessment. It also might be worth knowing whether plaintiffs proceeded pro se before the EEOC or had the assistance of counsel. See Eggleston, 657 F.2d at 905-06.