

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50286 | **DATE** | 3/12/2004 |
| **CASE TITLE** | Miller vs. Bloomin Apple LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendants' motion for summary judgment as to both plaintiffs and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | MAR 12 2004 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 51 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 3-15-04 | |
| LC | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Serena Miller and Stacy Whitfield, filed an amended complaint, naming as defendants, The Bloomin' Apple, LLC, and The Bloomin' Apple Feeport, LLC, and alleging that they were the victims of race discrimination when they were not promoted from the position of server to the position of bartender at the Appelbee's restaurant in Freeport, Illinois. Defendants have moved for summary judgment, asserting that defendant, The Bloomin' Apple, LLC, was not an employer of either plaintiff and, alternatively, that plaintiffs have failed to establish a prima facie case of race discrimination or show that the reason offered by defendants for not promoting either was a pretext for race discrimination.

Initially, the court denies summary judgment to defendant, The Bloomin' Apple, LLC, as there exists a question of material fact as to whether it was an employer of plaintiffs.

Turning to the alternative basis for summary judgment, plaintiffs have chosen to characterize their claims as ones for failure to promote. While it is debatable, based on the evidence, whether a move from server to bartender was in fact a promotion, the court will consider plaintiffs' claims in the context of a failure to promote.

Plaintiffs concede that they have no direct evidence of discrimination and so proceed under the burden-shifting methodology of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Grayson v. City of Chicago, 317 F. 3d 745, 748 (7th Cir. 2003). Under that approach, a prima facie case of employment discrimination creates a rebuttable presumption that the employer's actions, if unexplained, were the result of impermissible factors and shifts the burden of production to the employer to articulate some legitimate, nondiscriminatory reason for its actions. Grayson, 317 F. 3d at 748. If the employer meets that burden, the plaintiff must show that the articulated reasons are pretextual. Grayson, 317 F. 3d at 748. In order to establish a prima facie case in the failure-to-promote context, the plaintiff must show that: (1) she belongs to a protected class; (2) she applied for and was qualified for the position sought; (3) she was rejected for that position; and (4) the employer granted the promotion to someone outside of the protected group who was not better qualified than the plaintiff. Grayson, 317 F. 3d at 748.

In this case, the court will apply this analysis to each plaintiff separately. In doing so, the court must define the position to which both plaintiffs claim they were not promoted. First, contrary to their assertion in their brief, there was no "bartender trainee" position. While all new bartenders underwent training, the undisputed evidence is that the position was for bartender. Having said that, it is also undisputed that the two bartender positions that plaintiffs sought required some level of prior experience and an availability to work full shifts.

As for Whitfield, she has failed to establish either element 2 or 4 of the prima facie case. She was not qualified for the position because she lacked prior experience as a bartender. It is also undisputed that as to element 4 the people chosen to fill the particular positions at issue had previous bartending experience.

In the case of Miller, while she did have some prior bartending experience, she fails to establish element 4 because she has not shown that the people selected were not better qualified than her. Curiously, even though she carries the burden to establish all elements of the prima facie case, she stated in her deposition that she did not care what the qualifications for the people chosen were. This was both a strategic error and fatal to her claim.

Aside from any failure to establish a prima facie case, neither plaintiff has offered any evidence from which a reasonable trier of fact could conclude that the reasons asserted by defendants for hiring someone other than plaintiffs was pretextual. It is undisputed that defendants reasons for doing so were based on a combination of their need for experienced bartenders at those particular times and certain concerns pertaining to each plaintiff's qualifications. For example, defendants were concerned about Miller's availability to work full shifts and her job performance as a server. As for Whitfield, she lacked bartending experience and had either not finished her probation or had only recently done so. These legitimate, nondiscriminatory reason have gone unrebutted.

Plaintiffs having failed to establish a prima facie case of race discrimination or to show that defendants' reasons were pretextual, the court grants defendants' motion for summary judgment and dismisses this cause in its entirety.